UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
RICHARD SPETTER,                    )    No. 1:05-CV-979 OWW LJO
                                    )
               Plaintiff,           )    ORDER REFERRING CASE TO
                                    )    EARLY NEUTRAL
     v.                             )    EVALUATION PROGRAM
                                    )
SAN LUIS & DELTA-MENDOTA, etc.,     )    DATE: April 4 2005
                                    )    TIME: 8:45 a.m.
               Defendant.           )    COURTROOM Eight
                                    )    Magistrate Judge Lawrence
_____)    J. O'Neill
```

      Upon review of the complaint, or pursuant to request by the parties, the Court finds that this action meets the criteria for inclusion in the court's Early Neutral Evaluation Program (ENE).

      IT IS HEREBY ORDERED that the parties shall appear before the U.S. Magistrate Judge for an ENE Scheduling Conference, as set forth above.  The Scheduling Conference Order issued in this matter shall govern the schedule for the action. Attendance at the ENE Scheduling Conference is mandatory upon all counsel.  As a Scheduling Order has been issued in this matter, parties need only comply with paragraph eight of Exhibit "A" attached hereto.  This supplemental report shall be submitted to the Court one full week prior to the conference.  Counsel whose office is more that 50 miles from the courthouse may make prior arrangements with the Magistrate Judge's courtroom clerk to appear telephonically.

      The purpose of the ENE Program is to reduce the cost of litigation. Toward this end, the program gives litigants an early opportunity to present their case to a neutral attorney with considerable experience in the relevant subject area, to see a comparable presentation by their opponent, to receive an objective evaluation of the relative strengths and weaknesses of the parties' positions, to discuss early settlement, and, if no settlement can be reached, to develop a streamlined discovery plan that will produce efficiently the information the parties need to explore the possibility of settlement more thoroughly

1

There are a few important points that should be highlighted regarding the ENE Program.

   1. Lead trial counsel and their client, or an authorized representative with settlement authority, will be required to attend the evaluation session in person.

   2. There is no charge of any kind for the service this program provides.

   3. You should limit your pre-evaluation discovery to matters essential to making the evaluation session meaningful. One of the purposes of ENE is to save the parties some of the costs of discovery.

   4. You will be required to submit a written statement to the evaluator (and send a copy to opposing counsel) no less than (7) calendar days prior to the evaluation session. Such statements may not exceed ten pages and shall conform to the following guidelines:

   (1) Give a brief statement of the facts;
   (2) Identify the pertinent principles of law;
   (3) Identify the legal and factual issues in dispute;
   (4) Address whether there are any legal or factual issues whose early resolution might reduce the scope of the dispute or contribute significantly to the productivity of settlement discussions;
   (5) Identify the discovery that promises to contribute most to meaningful settlement negotiations;
   (6) Identify the person(s) in addition to counsel who will attend the session as that party's representative with settlement authority.

   5. At the evaluation session you and/or your client will be expected to make a short (perhaps 15-30 minutes) informal presentation of your side of the case, supporting your position with documents to the extent practicable.

   6. All written and oral statements made in connection with the evaluation session are absolutely confidential and cannot be used in any aspect of the case for any purpose. The evaluator will not communicate with the assigned judge about the merits of the case or about what occurred at the evaluation session.

   7. After the parties present their case and answer questions, the evaluator will explore settlement by caucusing

with the parties, communicating offers and counter offers, and utilizing mediation techniques to focus the parties and their attorneys on their chances of success on legal and factual issues, to quantify that chance of success, and to assess the costs of continuing to litigate unresolved issues.

      8. If settlement efforts fail, the evaluator will give his/her opinion of each party's chance of success, the range of damages, and his/her opinion of the probable outcome if the case were tried.

      9. The evaluator's assessments and recommendations will be purely advisory; they will not be communicated to the court and can have no binding effect on discovery, motion practice, or other aspects of preparation for trial. Only the assigned judge can control these matters.

SO ORDERED

Oliver W. Wanger
United States District Judge

By /s/ Greg Lucas
    Courtroom Deputy

**EXHIBIT "A"**

At least twenty (20) days before the ENE Scheduling Conference, the actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the Plaintiff.  This conference shall be preferably a personal conference between counsel, but due to the distances involved in this District, a telephonic conference call involving all counsel is permissible.  The Joint ENE Scheduling Conference Statement shall be filed one week prior to the conference with the date, time and courtroom of the conference designated on the title page, and shall respond to the following items by corresponding number paragraphs:

1.   Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2.   Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report.  If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3.   A summary detailing the uncontested and contested facts.

4.   A summary of the legal issues as to which there is no dispute, <u>i.e.</u>, jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5.   If any party or parties believe that the case should not be considered for inclusion in the Early Neutral Evaluation (ENE) Project, then a statement of reasons in opposition to and/or in support of inclusion in ENE shall be included.

6.   The status of all matters which are presently set before the Court, <u>i.e.</u>, hearing all motions, etc.

7.   A discovery plan detailing the discovery necessary prior to the ENE session, including a firm cut-off date for such discovery, and a proposed date for disclosure of expert witnesses if appropriate.

8.  Dates agreed to by all counsel for:
    (a) Filing the parties' written evaluation statements (statements must be filed at least seven (7) calendar days prior to the ENE session.
    (b) ENE Session date, (the parties are required to attend and a representative of a corporate or other entity must possess reasonable settlement authority, as well as authority to enter into stipulations.  Attendance of the attorney expected to be primarily responsible for the case is also required.

9.  At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement.  Counsel shall indicate whether they feel a settlement conference is desired, and when it should occur, <u>i.e.</u>, before further discover, after discovery, after pre-trial motions, etc.

10. A statement as to whether the case is a jury or non-jury case.

11. An estimate of the number of trial days required. When counsel cannot agree, each party shall give his or her estimate.

12. Whether either party requests bifurcation of trial or has any other suggestion for shortening trial.  It should be noted that all federal tort Claims cases are bifurcated as a matter of course.

13. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

**FAILURE TO COMPLY WITH THIS ORDER AND/OR TO APPEAR AT THE SCHEDULING CONFERENCE WILL RESULT IN THE IMPOSITION OF SANCTIONS INCLUDING DISMISSAL, STRIKING PLEADINGS AND DEFAULT.**